THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER LEMMAN,

                  Plaintiff,

    v.

BENJAMIN PATRICK FOLEY, *et al*.,

                  Defendants.

CASE NO. C20-0591-JCC

ORDER

This matter comes before the Court on Plaintiff Peter Lemman's motion to dismiss co-Defendant Benjamin Foley's counterclaims (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion for the reasons explained herein.

## I.    BACKGROUND

This matter arises from the June 2013 sale of units in a Washington Limited Liability Company: Villa 404, LLC. (*See generally* Dkt. No. 1-1.) Prior to the unit sale, Villa 404, LLC was jointly owned by Lemman and Defendant Peter Wilson. (Dkt. Nos. 1-1 at 2-3; 10 at 6.) Following the unit sale, Foley and Wilson were the owners of Villa 404, LLC. (*Id.*) At the time, both Lemman and Foley believed that Villa 404, LLC held exclusive rights to a Mexican condominium currently under construction. (Dkt. Nos. 1-1 at 3; 10 at 7.) In fact, Villa 404, LLC was an empty shell. (*Id.*) At some point Wilson obtained exclusive rights to the condominium

under construction and transferred those rights to WXW Holdings, LLC rather than to Villa 404, LLC. (Dkt. Nos. 1-1 at 4; 10 at 7.) WXW Holdings, LLC, an entity neither Lemman nor Foley had an interest in, used the condominium as collateral for a loan from Poppy Beach Ventures II, LLC ("Poppy Beach"). (Dkt. Nos. 1-1 at 6; 10 at 7.) Lemman eventually reacquired rights to the condominium through an agreement with Wilson, whereby Lemman paid off the outstanding debt to Poppy Beach, with rights to the condominium reverting to Villa 404, LLC. (Dkt. No. 1-1 at 4, 10 at 8.)  Lemman later sold the condominium on Villa 404, LLC's behalf, placing the proceeds into trust, except for amounts Lemman held back, alleging they represented funds he used to reacquire rights in the condominium on the LLC's behalf. (Dkt. Nos. 1-1 at 4-6; 10 at 8.)

Following the sale of the condominium, Lemman brought breach of contract actions against Foley and Wilson, and an interpleader action for the funds remaining in trust. (*See generally* Dkt. No. 1-1.) Foley, in answering Lemman's complaint, brought a counterclaim seeking a declaratory judgment that the purchase agreement between Lemman and Foley is "invalid and unenforceable." (Dkt. No. 10 at 8-9.) Foley also seeks recoupment of the amounts paid to Lemman, along with other amounts Foley expended on the matter. (*Id.*)

Relevant facts for Lemman's motion to dismiss Foley's counterclaims are as follows: On or around June 14, 2013, Lemman and Foley executed a $2 million unit purchase agreement entitling Foley to the entirety of Lemmon's 50% interest in Villa 404, LLC. (Dkt. No. 10 at 6.) In exchange, Foley tendered $700,000 in cash and a $1.3 million promissory note payable to Lemman in installments. (*Id.*, *see* Dkt. No. 14-1 at 16–35.) The note was secured by Foley's membership units in Villa 404, LLC. (*Id.*) At the time, Foley was unaware that Lemman had "negligently allowed Peter Wilson to gain control of the $2 million (Lemman) had advanced for the purchase of the (condominium)." (Dkt. No. 10 at 7.) By December 2015, condominium construction was complete. (*Id.*) Lemman and Foley learned during the resulting closing process that title to the condominium was not held by Villa 404, LLC. (*Id.*) Foley stopped further payments on the promissory note and "was prepared to file suit, if necessary to rescind the Unit

Purchase Agreement, but agreed to forebear from doing so to allow (Lemman) an opportunity to correct the title problem, or until the Property could be sold to recoup funds to repay Foley." (*Id.* at 7.) Foley continued to use the condominium until 2018, when he "decided to surrender possession of the Property to (Lemman), but continued to forebear from bringing suit to allow (Lemman) an opportunity to recover funds from Wilson in order to repay Foley." (*Id.* at 8.) Lemman sold the condominium on February 28, 2020 and brought suit March 19, 2020. (Dkt. Nos. 1-1 at 9; 10 at 8.) Foley filed his counterclaims with his answer to Lemman's suit on May 28, 2020. Foley's counterclaims represent his first legal effort relating to the 2013 unit purchase agreement now at issue. (*See generally* Dkt. Nos. 10; 16.)

## II.    DISCUSSION

### A.    Legal Standard

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015) (citing *Boon Rawd Trading Int'l v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 947 (N.D. Cal. 2010)). A party may move for dismissal when an opposing party "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim is facially plausible when the movant pleads factual content that allows the court to draw the reasonable inference that the opposing party is liable for the misconduct alleged. *Id.* at 678. Although the court must accept as true a pleading's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *See Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The movant is obligated to provide grounds for its entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

**B.    Statute of Limitations**

As a threshold matter, the Court will determine whether Foley's counterclaims are time-barred. Lemman argues that Washington law applies to Foley's claims and that the applicable statute of limitations is six years; Foley does not dispute this characterization. (*See* Dkt Nos. 13 at 10–11; 16 at 9–10; 23 at 2.). The Court agrees with Lemman.

1.    Foley's Claims, As Alleged, Are Time-Barred

Claims for declaratory relief[1] must be brought within a "reasonable time." *Schreiner Farms, Inc. v. Am. Tower, Inc.*, 293 P.3d 407, 411 (Wash. App. 2013) (quoting *Auto. United Trades Org. v. State,* 286 P.3d 377, 379 (Wash. App. 2012)). What constitutes a reasonable time is determined by "analogy to the time allowed for . . . a similar action as prescribed by statute, rule of court, or other provision." *Id.* (quoting *Cary v. Mason County*, 132 P.3d 157, 160 (Wash. App. (2006)) (alterations omitted).

Foley's counterclaims are analogous to those brought in contract. He seeks a declaratory judgment that the agreements between himself and Lemman are "invalid and unenforceable" for "reasons including lack of consideration, failure of consideration, mutual mistake, negligent misrepresentation, breach of contract." (*See* Dkt. No. 10 at 9.) Therefore, the relevant limitations period under Washington law is six years. Wash Rev. Code § 4.16.040. At issue in the instant case, though, is *when* the statute of limitations period began: when the parties entered into the

---

[1] Foley also brings a counterclaim for recoupment. (Dkt. No. 10 at 9.) The Court views recoupment as a remedy, rather than an independent cognizable legal claim, and will not separately address this claim.

unit purchase agreement—June 14, 2013—or when Foley allegedly discovered the agreement's infirmities—some time in December 2015. (*Id.* at 9–10.) If the earlier date applies, Foley's claims are time-barred. If the later date applies, they are not. The Court concludes the later date applies. Therefore, Foley's claims are time-barred.

Absent an exception, the statute of limitations on Foley's claims would begin to run on June 14, 2013 and end on June 13, 2019. The discovery rule, if applicable, would toll these beginning and end dates. Under the rule, the state of limitations does not run until the aggrieved party discovers the injury. *See generally First Maryland Leasecorp v. Rothstein*, 864 P.2d 17, 20 (Wash. App. 1993). However, except in rare instances, the rule does not apply to a declaratory judgment action based in contract. *Schreiner Farms, Inc.*, 293 P.3d at 411 (declining to extend the discovery rule to a UDJA action based in contract where the plaintiff also alleged a continuing breach); *see also Taylor v. Puget Sound Power & Light Co.*, 392 P.2d 802, 804 (Wash. 1964) (holding that the discovery rule is inapplicable to breach of contract actions).

Foley cites two cases in support of his argument otherwise: *Browning v. Howerton*, 966 P.2d 367 (Wash. App. 1998), and *Hornback v. Wentworth*, 132 P.3d 778 (Wash. App. 2006). (Dkt. No. 16 at 10.) Neither are persuasive in light of *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423 (Wash. 2006). In *1000 Virginia Ltd. P'ship*, the Washington State Supreme Court described instances where the discovery rule might apply: latent defects a claimant would be unable to discover, irrespective of the reasonable exercise of diligence. *Id.* at 429–30. Foley's counterclaims, as alleged, fail to meet this standard in that he does not describe the actions he took to demonstrate a reasonable exercise of diligence. (*See generally* Dkt. No. 10 at 5–10.) On this basis, the Court must find that dismissal is warranted.

2. Foley's Allegations Fail to Meet the Requirements for Estoppel

As a saving measure, Foley argues that Lemman should be equitably estopped from relying on the statute of limitations as a defense to Foley's counterclaims. (Dkt. No. 16 at 11–16.) However, estoppel is only appropriate when "a defendant has *fraudulently* or *inequitably*

1    *invited* a plaintiff to delay commencing suit until the applicable statute of limitations has

2    expired." *City of Ilwaco v. Affiliated FM Ins. Co.*, 2009 WL 2485393, slip op. at 3 (W.D. Wash.

3    2009) (citing *Teller v. APM Terminals Pac., Ltd.*, 142 P.3d 179, 187 (Wash. App. 2006)

4    (emphasis added)). Foley's allegations fail to meet this standard. Foley alleges that *he* "agreed to

5    forebear" from filing suit to allow Lemman time to correct the title problem and the *Foley*

6    "continued to forebear from bringing suit to allow (Lemman) an opportunity to recover funds."

7    (Dkt. No. 10 at 7, 8.) Foley never alleges what actions *Lemman* took that caused Foley to delay

8    filing suit, thereby justifying estoppel. On this basis, the Court cannot find that estoppel is

9    warranted.

10                          3.   Leave to Amend

11           However, the "Court should freely give leave when justice so requires." Fed. R. Civ. P.

12   15(a)(2). Such leave is "to be applied with extreme liberality." *Eminence Capital, LLC v.*

13   *Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). Because the infirmities described above

14   may be cured through an amended pleading, the Court will allow Foley leave to amend his

15   counterclaims to cure this and any other deficiency Foley chooses to address.[2]

16   **III.   CONCLUSION**

17           For the foregoing reasons, Lemman's motion to dismiss Foley's Counterclaims (Dkt. No.

18   13) is GRANTED without prejudice and with leave to amend. Any amendment must be

19   submitted to the Court no later than thirty (30) days after the date of this order.

20   //

21   //

22   //

23   //

24

25           [2] Because a statute of limitations defense is sufficient to support dismissal of Foley's
     counterclaims, the Court does not render an opinion as to the validity of the other arguments
26   Lemman raises in his motion to dismiss.

DATED this 16th day of September 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE