THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER LEMMAN,

                                    Plaintiff,

        v.

BENJAMIN PATRICK FOLEY, *et al.*,

                                    Defendants.

CASE NO. C20-0591-JCC

ORDER

This matter comes before the Court on Plaintiff Peter Lemman's motion to dismiss Defendant Benjamin Foley's amended counterclaims (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in part and DENIES the motion in part for the reasons explained herein.

I.      **BACKGROUND**

Lemman filed suit against Foley on March 19, 2020. (Dkt. No. 1-1.) At issue between the two is the import of a June 2013 transfer of Lemman's interest in Villa 404, LLC ("LLC") to Foley. (*Id.* at 3.) The Court previously dismissed Foley's counterclaims in this matter, finding that, based on the allegations contained in Foley's original Answer, his counterclaims were time-barred. (Dkt. No. 28.) Foley has since filed an Amended Answer, and Lemman again moves to dismiss Foley's counterclaims. (Dkt. No. 30.) In the Amended Answer, Foley provides

additional facts and allegations primarily involving three issues: (1) the nature of the parties'
2013 agreement transferring Lemman's interest in the LLC, an entity established to hold a
Mexican condominium, to Foley, (2) actions that Lemman and his agents subsequently took that
Foley claims prompted him to forestall filing suit against Lemman prior to the 2020 sale of the
condominium to a third party, and (3) actions that Lemman took when coordinating the sale of
the condominium. (*See* Dkt. No. 29 at 7–12.) The Court articulated the basic facts of the case in
its previous order and will not repeat them here. (*See* Dkt. No. 28 at 1–3.) At issue is whether
Foley's Amended Answer contains sufficient allegations to support, as a matter of law, his
amended counterclaims for breach of contract, restitution, and conversion. (*See* Dkt. No. 29 at
12–15.) Lemman asserts that Foley's pleading is insufficient to support any of the counterclaims
and, on this basis, moves to dismiss. (Dkt. No. 30.)

## II.     DISCUSSION

### A.     Legal Standard

As the Court previously indicated, "[a] motion to dismiss a counterclaim brought
pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a
motion to dismiss a plaintiff's complaint." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949
(N.D. Cal. 2015) (citing *Boon Rawd Trading Int'l v. Paleewong Trading Co.*, 688 F. Supp. 2d
940, 947 (N.D. Cal. 2010)). A party may move for dismissal when an opposing party "fails to
state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to
dismiss, a pleading must contain sufficient factual matter, accepted as true, to state a claim for
relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim is
facially plausible when the movant pleads factual content that allows the court to draw the
reasonable inference that the opposing party is liable for the misconduct alleged. *Id.* at 678.
Although the court must accept as true well-pleaded facts, conclusory allegations of law and
unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *See Vasquez v.
L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d

979, 988 (9th Cir. 2001). The movant is obligated to provide grounds for its entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

### B.   Breach of Contract and Restitution Counterclaims

In his original Answer, Foley brought a counterclaim seeking a declaratory judgment that his 2013 agreement with Lemman was invalid and unenforceable due to, among other things, "lack of consideration, failure of consideration, mutual mistake, negligent misrepresentation, [and] breach of contract." (Dkt. No. 10 at 8–9.) Lemman sought dismissal based upon Foley's failure to file suit within the six-year statute of limitations, which the Court granted without prejudice and with leave to amend. (Dkt. No. 28.)

In his Amended Answer, Foley asserted counterclaims for breach of contract and restitution, rather than for a declaratory judgment. (Dkt. No. 29 at 12.) Lemman again seeks dismissal based upon Foley's failure to bring suit within the statutory limitations period. (Dkt. No. 30 at 10–12.) But the six-year limitations period for a breach of contract claim begins to run when the breach occurs—not when the contract is formed. *Erickson v. Chase*, 231 P.3d 1261, 1265 (Wash. App. 2010).

Foley's Amended Answer contains sufficient allegations to plausibly conclude that the statutory period began sometime *after* 2013. For example, Foley alleges that, as part of the 2013 agreement, Lemman committed to "insur[ing] that Villa 404, LLC received title to the [condominium]," yet Lemman failed to do so when construction was complete and title to the condominium was established "sometime on or after August 27, 2015." (Dkt. No. 29 at 12.) Foley brought his counterclaims well within six years of this date. Moreover, Foley's allegations

are consistent with the "further assurance" clause contained within the parties' LLC Unit

Purchase Agreement,[1] which required Lemman to "deliver such further acts . . . as may be

reasonably required to consummate the transaction contemplated." (*See* Dkt. No. 14-1 at 17.) In

addition, Foley's Amended Answer contains sufficient facts to demonstrate that, even if the

statute of limitations had begun when the 2013 agreement was executed, Foley alleged the

necessary elements for equitable estoppel for both his breach of contract and restitution

counterclaims. (*See* Dkt. No. 29 at 9–11 (statements by Lemman and his representatives that

Foley reasonably relied on, thereby forestalling Foley from filing suit earlier).) Accordingly, the

Court finds that, based upon the allegations contained within Foley's Amended Answer, his

breach of contract and restitution counterclaims are not time-barred.

       Lemman next argues that even if the counterclaims are not time-barred, they are

implausible and should be dismissed. (Dkt. No. 30 at 16–18.) Specifically, Lemman asserts that

Foley's allegation that Foley bargained for anything other than Lemman's naked LLC interest is

implausible. (*Id.*) He alleges that he provided Foley no assurance that the LLC would, in fact,

hold title to the condominium once construction was complete and that no such assurance can be

gleaned from the parties' agreement. (*Id.*) But the allegations contained within Foley's Amended

Answer, coupled with the referenced agreements, provide plausible allegations that, if proven,

would support breach of contract and restitution claims. In addition to the allegations described

above, Foley alleges that Lemman represented to Foley that he held a 50/50 tenancy-in-common

---

[1] Foley's Amended Answer references Lemman's August 2012 Tenancy in Common Agreement with Co-Defendant Peter Wilson (Dkt. No. 14-1 at 2–11) and the parties' June 2013 Unit Purchase Agreement (*Id.* at 16–26). (*See* Dkt. No. 29 at 2, 6, 7.) Both were included as exhibits in counsel's previous declaration to the Court (Dkt. No. 14) and may be considered here. Documents that are "incorporated by reference" may be considered without converting a Rule 12 motion to a Rule 56 motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Lemman also asks the Court to take notice of the parties' purported Term Sheet (Dkt. No. 14-1 at 13–14) and the purported Tenancy in Common agreement between Co-Defendant Wilson and Foley (*Id.* at 37–46). (*See* Dkt. Nos. 30 at 4–7; 33 at 3, 8.) Neither are referenced or admitted to in Foley's Amended Answer and will not be considered here.

ORDER
C20-0591-JCC
PAGE - 4

interest in the condominium with Co-Defendant Wilson. (Dkt. No. 29 at 6.) According to Foley, Lemman never disclosed that, in fact, Wilson held exclusive rights to purchase the unit and only intended to assign his rights in the unit to the LLC once construction was complete. (Dkt. No. 29 at 6–8.) Notably, this is not consistent with the consent and estoppel provision contained within the 2013 Unit Purchase Agreement, which could be read to imply that Lemman had a direct interest in the purchase contract to the extent of his $2 million "obligation to pay for the purchase of the Property." (Dkt. No. 14-1 at 23.) Moreover, the parties' membership interest assignment agreement, which was included in the 2013 Unit Purchase Agreement, required Lemman to "cooperate with Foley and to take all actions to effectuate the terms of the agreement." (Dkt. No. 29 at 7.) This would necessarily include ensuring title to the condominium was held by the LLC upon completion of construction, as the LLC served no other purpose. (*See* Dkt. No. 29 at 2, 6–7.) Accordingly, the Court finds that the allegations contained in Foley's Amended Answer plausibly support the counterclaims for breach of contract and restitution.

### C. Conversion Counterclaims

Foley also asserted for the first time in his Amended Answer derivative and private action conversion counterclaims. (Dkt. No. 29 at 13–15.) Lemman argues that these claims are, again, implausible and should be dismissed. (Dkt. No. 30 at 18–22.) In support, Lemman points out that Foley admits to defaulting on the note between the parties and that under the terms of the Unit Pledge Agreement, Lemman was within his rights to act on the LLC's behalf in arranging for the sale of the condominium in 2020. (*Id.*) There is little doubt that the Agreement authorizes Lemman to take such actions.[2] (*See* Dkt. No. 14-1 at 30.) However, Foley argues that even if authorized by the Agreement, Lemman's actions violated Washington law. (*See* Dkt. No. 31 at

---

[2] As a threshold matter, the Court will not consider the contents of the March 5, 2020 communication from Lemman's attorney. (*See* Dkt. No. 32 at 7–10.) It is not appropriate to consider such extrinsic evidence when ruling on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Therefore, the Court need not determine whether introduction of the communication is also barred by Federal Rule of Evidence 408.

22 (citing Wash. Rev. Code § 25.15.121 requiring unanimous consent for the sale of the organization's primary asset).) But Foley admits in his Amended Answer that he signed a listing agreement for the property in 2017 and that in 2018 Lemman and Wilson entered into a separate agreement to sell the property on the LLC's behalf. (Dkt. No. 29 at 3, 9, 10, 13.) Either circumstance was sufficient to authorize Lemman to arrange for the sale of the condominium, particularly in light of Foley's earlier default. Therefore, Foley's counterclaims for conversion are implausible and must be dismissed.

## III.    CONCLUSION

For the foregoing reasons, Lemman's motion to dismiss Foley's amended counterclaims (Dkt. No. 30) is GRANTED in part and DENIED in part. Foley's counterclaims for conversion are DISMISSED with prejudice.

DATED this 7th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE